IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

| | | |
|---|---|---|
| Moises Cuevas, Jr., | § | |
| _Plaintiff,_ | § | |
| | § | |
| _vs._ | § | Civil Action No.  3:21-CV-03243-C-BK |
| | § | |
| Humberto Novoa, | § | |
| Adrian Zamarripa, | § | |
| Azteca Records, LLC, | § | |
| Azteca Talent Agency, Inc., and | § | |
| La Energia Nortena, LLC | § | |
| _Defendants._ | § | |

**Plaintiff's Brief in Support
of Plaintiff's Response in Opposition to
Defendants' 12(b)(1) Motion to Dismiss for Lack of "Case" or "Controversy"**

**TABLE OF CONTENTS**

I.      INTRODUCTION……………………………………………………………………...4

II.     FACTS REGARDING THE FORMATION OF MUSICAL GROUP KNOWN AS

LA ENERGIA NORTENA…………………………………………………………..5

III.    FACTS REGARDING THE ORGANIZATION STRUCTURE OF LA ENERGIA

NORTENA, LLC……………………………………………………………..…6

IV.     PROCEDURAL HISTORY OF THE DISPUTES…………………………...…….…..8

V.      ARGUMENT AND AUTHORITIES………………………………………………13

A. The Real Parties in Interest DO NOT AGREE on who owns the copyrights in

question. There is a live case and controversy between the parties – _including Plaintiff_..………..13

1. _Disputed Ownership by La Energia Nortena, LLC_…………………………...14

2. _Disputed Ownership by Moises Cuevas, Jr. as an individual_……………..…16

B. The Federal District Court has exclusive jurisdiction over Plaintiff's lawsuit…….……19

C. Plaintiff Cuevas DOES HAVE standing…………………………………………….…21

D. Cuevas's Claims, on behalf of the Company and/or individually, ARE RIPE……….23

VI.    CONCLUSION AND PRAYER……………………………………………………...…24

VII.    CERTIFICATE OF SERVICE……………………………………………............27

## TABLE OF AUTHORITIES

**Cases**

*T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964)…………………………………………19

*Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987)………………………………………20, 21

*Rodrigue v. Magnus*, No. 20-1240, 2021 U.S. Dist. LEXIS 76552 (E.D. La. 2021)……………19

*Lewis v. Knutson*, 699 F.2d 230 (5th Cir. 1983)……………………………………………………22

*Brooks v. Weiser*, 57 F.R.D. 491, 494 (S.D.N.Y. 1972)…………………………………………22

*Moore v. Simon Enters.*, 919 F. Supp. 1007, 1012 (N.D. Tex. 1995)……………………………22

*Bankston v. Burch*, 27 F.3d 164, 167 (5th Cir. 1994)……………………………………………22

*Buckley v. Control Data Corp.*, 923 F.2d 96, 98 (8th Cir. 1991)……………………..……………22

*LeClerc v. Webb*, 419 F.3d 405, 413-14 (5th Cir. 2005)…………………………………..……..23

**Rules**

Fed. R. Civ. Pro. 23.1(a)……………………………………………………………..……22

**Statutes**

17 U.S.C. § 201(a)…………………………………………………………………………16, 20

17 U.S.C. § 204(a)…………………………………………………………………..……18

17 U.S.C. § 410(c)…………………………………………………………………..……15

28 U.S.C. § 1338(a)…………………………………………………………………..…..4

Tex. Bus. Org. Code § 1.002(81)…………………………………………………..………3

Tex. Bus. Org. Code § 1.002(53)…………………………………………………………3

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Moises Cuevas, Jr. and files this brief in support of response in opposition to Defendants Humberto Novoa, Adrian Zamarripa, Azteca Records, LLC and Azteca Talent Agency, Inc. 12(b)(1) motion to dismiss for lack of "case" or "controversy", and Plaintiff would show this Court the following:

## I.

## INTRODUCTION

Plaintiff's lawsuit is NOT a case to dissolve a company or have a business divorce adjudicated in this Court as Defendants have blatantly and intentionally misrepresented.

Cuevas' present lawsuit and complaint on its face, first and foremost, clearly seeks to ask this Federal District Court a federal question of who owns the copyright right to certain sound recordings that were created and made part of this lawsuit. Pursuant 28 U.S.C. § 1338(a), only a Federal District Court is empowered to answer this question, and only a federal district court "…shall have original jurisdiction of any civil action arising under any Act of Congress relating to…copyrights."

Plaintiff's lawsuit does present a live case and controversy between the Parties regarding the ownership of the copyright, because Plaintiff Cuevas has specifically alleged in his Complaint that either La Energia Nortena, LLC, *or alternatively* Cuevas (himself), is the joint copyright holder of the sound recordings in dispute. Conversely, the Defendants before this Court (i.e., Defendants Humberto Novoa, Adrian Zamarripa, Azteca Records, LLC, and Azteca Talent Agency, Inc.) all allege that Defendant Azteca Records, LLC is the owner of the sound recordings in dispute.

While Defendants allege and proclaim that La Energia Nortena, LLC does not dispute that Azteca Records, LLC owns the sound recordings in dispute, the Defendants and Defendants counsel intentionally misrepresent the facts related to this case and the procedural history of the disputes between the Parties in an erroneous, deceitful, and futile attempt to try and show the Court that there is no live controversy. Defendants failure to be forthcoming about the facts and procedural history of the disputes between the parties has caused Plaintiff Cuevas to spend great time and energy to not only respond to such erroneous arguments by Defendants but to also set the record straight and let the truth be known.

## II.

## FACTS REGARDING THE FORMATION OF MUSICAL GROUP KNOWN AS

## LA ENERGIA NORTENA

### As alleged in Plaintiff's Complaint:

12. In 2008, Adrian Zamarripa ("**Zamarripa**") and Moises Cuevas, Jr. ("**Cuevas**") founded a musical group professionally known as La Energia Nortena ("**LEN**"). Zamarripa is the lead singer for LEN. Cuevas is the bass player and musical director for LEN. All other musicians who perform in LEN are contracted talent and have no ownership or interest in LEN.

13. In 2011, after seeing a LEN live performance show, Novoa contacted Zamarripa and Cuevas to propose that he (Novoa) start acting as LEN's talent agent. Zamarripa and Cuevas agreed to allow Novoa to act as LEN's talent agent. Thereafter, Novoa, by and through his company Azteca Talent Agency, Inc. started securing bookings for LEN in exchange for a 33 1/3% commission fee of gross monies received from engagements booked.

14. Subsequent thereto, Novoa proposes to Zamarripa and Cuevas a business proposition wherein the three of them would form a Texas limited liability company, called La Energia Nortena, LLC (the "**Company**") to act as a "loan-out" company for the professional services of the musical group LEN. Novoa advises Zamarripa and Cuevas that by forming the Company, the Company could exploit LEN's music and talents through Novoa's other entertainment

companies (Azteca Talent Agency, Inc., Azteca Publishing, Inc., and Azteca Records, LLC). No written agreements were ever executed between the Company and any of Novoa's companies (Azteca Talent Agency, Inc., Azteca Publishing, Inc., and Azteca Records, LLC).[1]

## III.

## FACTS REGARDING THE ORGANIZATION STRUCTURE OF

## LA ENERGIA NORTENA, LLC

**As alleged in Plaintiff's Complaint:**

15. On September 3, 2013, the Company is formed in the State of Texas.[2]

16. The Company is a member-managed LLC and is comprised of 3 members/partners:
1.    Humberto Novoa;
2.    Adrian Zamarripa; and
3.    Moises Cuevas, Jr.

17. The Company does not have an operating agreement, and therefore, the Texas Business Organization Code governs the Company's essential operation. The Company's current address on file with the Texas Secretary of State is 10606 Shady Trail, Ste 21, Dallas, Texas 75220, which is also the address of record for all other entitles owned or controlled by Humberto Novoa. The Company's Registered Agent is Humberto Novoa.

18. On August 20, 2021, the Texas Secretary of State, pursuant to Section 171.309 of the Texas Tax Code, forfeited the Company's registrations with the state.[3] As a result, at the time of this filing, the Company is currently a general partnership.[4]

---

[1] *See* Doc 17 at ¶¶ 12-14 (Pl.'s 1st Am. Complaint); *See also* Doc 1 at ¶¶ 11-13 (Pl.'s Org. Complaint).
[2] *See* ECF Doc 17-1 (Exhibit A of Pl.'s 1st Am. Complaint)(A copy of the Certificate of Formation of La Energia Nortena, LLC filed with the Texas Secretary of State).
[3] *See* ECF Doc 17-2 (Exhibit B of Pl.'s 1st Am. Complaint) (Texas Secretary of State Notice of Forfeiture pursuant to Section 171.309 of the Texas Tax Code of La Energia Nortena, LLC).
[4] *See* Doc 17 at ¶¶ 15-18 (Plaintiff's First Amended Complaint); *See also* Doc 1 at ¶¶ 14-17 (Plaintiff's Original Complaint).

Thus, Defendants completely misrepresent and mischaracterize Plaintiff Cuevas when they state in their motion that Plaintiff Cuevas is only a shareholder and therefore lacks standing.[5] Under Texas law, a "shareholder" refers to a person or entity who merely owns shares of a corporation,[6] but the Company was never organized as a corporation. The Company was organized as a limited liability company.[7] Owners in a limited liability company are called "members".[8] A limited liability company is further organized as either: a member-managed LLC or a manager-managed LLC.[9] The Company is member-managed LLC. It was organized as a limited liability company that named Moises Cuevas a managing member and representative.[10] Thus, Plaintiff Cuevas is not only an owner of the Company, but he is also entitled to act and be a part of the governance of the Company. Sadly, Defendants Novoa and Zamarripa and Counsel Calvillo and Counsel Mata fail to recognize the rights of Cuevas just as they fail to properly characterize Cuevas and his company role in their erroneous 12(b)(1) motion to dismiss before this Court.

---

[5] *See* ECF Doc 8 at 1 (Defendants completely misrepresent to this Court that "Plaintiff [Cuevas] is merely a shareholder of La Energia Nortena, LLC" in their erroneous argument that Cuevas lacks standing.).

[6] *See* Tex. Bus. Org. Code § 1.002(81) (Codified definition of a "shareholder" refers only to a person who owns a shares of a "for-profit corporation, professional corporation, or a real estate investment trust.").

[7] *See* ECF Doc 17-1 (Exhibit A of Pl.'s 1st Am. Complaint)(A copy of the Certificate of Formation of La Energia Nortena, LLC filed with the Texas Secretary of State).

[8] *See* Tex. Bus. Org. Code § 1.002(53) (Codified definition of "member" means "in the case of limited liability company, a person who has become, and not cease to be a member in the limited liability company.").

[9] *See* ECF Doc 17-1 (Exhibit A of Pl.'s 1st Am. Complaint)(A copy of the Certificate of Formation of La Energia Nortena, LLC filed with the Texas Secretary of State. Such Form 205 utilized by the Texas Secretary of State requires the Company to state whether it will be governed by managers or members. Note that **Defendant Humberto Novoa (the self-proclaimed organizer of the Company) stated, "The limited liability company will not have managers. The company will be governed by its members, and the name and address of each initial member is set forth below.")).**

[10] *See* ECF Doc 17-1 (Exhibit A of Pl.'s 1st Am. Complaint)(A copy of the Certificate of Formation of La Energia Nortena, LLC filed with the Texas Secretary of State. Plaintiff Cuevas name and address is listed as the third governing person on the Certificate of Formation that Defendant Novoa filed with the Texas Secretary of State.).

## IV.

## PROCEDURAL HISTORY OF THE DISPUTES

As alleged in Plaintiff's Complaint:

26. On or around February 23, 2021, Humberto Novoa called a Company meeting to be held at the Law Offices of Humberto Novoa's attorney, Angel Mata. No purpose was given in advance of such meeting being called. All three Company members/partners (Humberto Novoa, Adrian Zamarripa, and Moises Cuevas, Jr.) were in attendance along with Angel Mata and LEN's road manager Francisco Banda. The meeting began with attorney Angel Mata, erroneously alleging that Moises Cuevas had some previous trouble with the law regarding his possession of a firearm. Despite such false accusations, Moises Cuevas, Jr. has never had any issue with law enforcement regarding his right to carry a firearm. Moreover, Moises Cuevas, Jr. holds a valid and legal permit to carry a firearm issued by the State of Texas. Such false accusation was merely postured by Attorney Mata on behalf of Novoa and Zamarripa, in an effort to to propose the buyout of Cuevas' interests in the Company and remove or terminate his membership in the Company.

27. On March 19, 2021, counsel for Cuevas wrote to Novoa and Zamarripa to inquire about the proposed buyout and other related issues that needed to be addressed in an effort to try and amicably resolve the matter. On March 22, 2021, Attorney Angel Mata responded to identify that she represented Humberto Novoa, and the attorneys for Novoa and Cuevas agreed to a phone call at 3 p.m. on Wednesday, March 24, 2021 to further discuss the matter.

28. On March 24, 2021, Attorney Angel Mata proposed that a business valuation be conducted to determine the Company's net worth for a proposed, potential buyout of Cuevas's interest in the Company. During the phone call, counsel for Cuevas also raised issue with Attorney Mata regarding Mr. Cuevas's claim that the Masters and Albums were the property of the Company and therefore should be considered in the business valuation. Attorney Mata defended and alleged that the Masters and Albums were the property of the Azteca Records, LLC. Attorney Mata advised Mr. Cuevas' counsel during this call that she would provide Mr. Cuevas' attorney with copies of documents and agreements, evidencing and explaining such alleged authorship and ownership.

29. On March 28, 2021, the Company retained CPA Bryan Rice located at 32 Burton Hill, Weatherford, TX 76087 to conduct

the proposed business valuation. All of the Company's books and accountings are in the exclusive possession of Humberto Novoa and his agents. Mr. Cuevas has only been able to obtain certain alleged financial information that Mr. Novoa has shared and provided during the ongoing business valuation by Mr. Rice.

30. Moreover, despite Mr. Cuevas's attorney's attempt to follow-up with Attorney Angel Mata regarding Mr. Novoa's adverse claims of copyright ownership of the Masters and Albums, by and through Azteca Records, LLC, neither Attorney Mata nor her client Novoa have ever provided any documents to support their position and claim that Azteca Records, LLC is the copyright owner of the Masters and Albums.

31. On April 14, 2021, Attorney Mata wrote to Mr. Cuevas's attorney refusing to provide any documentation in support of her client's adverse position that the Masters and Albums were the property of Azteca Records, LLC. The present situation has completely usurped any fair or accurate accounting of the Company business valuation or management of the Company that should include the recognition of the Masters and Albums as assets and revenue of the Company.

32. Unknown at the time to Mr. Cuevas, the very next day, on April 15, 2021, Novoa and Zamarripa, individually and on behalf of the Company filed a lawsuit against Cuevas in 61st District Court of Harris County Texas, Cause No. 2021-22525 (the "**State Lawsuit**"), erroneously alleging under blanket allegation with no specific fact stated therein that Mr. Cuevas had caused financial harm to the Company by carrying firearms and harming relations with Plaintiff's clients and business associates.[11] As a result, Novoa and Zamarripa pleaded that the Company should be wound down and liquidated, and that Humberto Novoa should be placed in charge of the day-to-day operations during such process, so that the assets of the Company can be sold-off for the appraised value with no monies to be paid to Moises Cuevas, Jr.[12]

---

[11] *See* Doc 17-4 (Exhibit D of Pl.'s First Am. Complaint. The State Lawsuit Petition - *La Energia Nortena, LLC, Zamarripa, and Humberto Novoa v. Moises Cuevas*, Cause No. 2021-22525, *Pl.s' Or. Pet.* (Harris County, 61st Dist. Ct., April 15, 2021).

[12] *See* Doc 17 at ¶¶ 12-14 (Pl.'s 1st Am. Complaint); *See also* Doc 1 at ¶¶ 11-13 (Pl.'s Org. Complaint).

Attorney David Calvillo, Texas Bar #03673000, is identified as the attorney of record on behalf of the Company in the State Lawsuit against Mr. Cuevas.[13] Mr. Calvillo made no attempt to contact Mr. Cuevas or Mr. Cuevas' attorney prior to filing the State Lawsuit against Mr. Cuevas, and therefore, Mr. Calvillo made no reasonable investigation into the facts upon which the State Lawsuit is based. The Company also never informed Mr. Cuevas that Mr. Calvillo had been retained on behalf of the Company.

Attorney Angel Mata, Texas Bar #24063940, is identified as the attorney of record on behalf of Mr. Humberto Novoa in the State Lawsuit against Mr. Cuevas.[14] Despite Attorney Mata's periodic correspondence to Mr. Cuevas' attorney regarding the proposed business valuation, after April 15, 2021, Counsel Mata never mentioned the filing of Defendant Novoa's lawsuit against Mr. Cuevas in the State Lawsuit.

To date, despite Mr. Cuevas having filed an answer in the State Lawsuit, such lawsuit has never been served on Mr. Cuevas.

Nevertheless, on September 2, 2021, after Mr. Cuevas filed an answer in the State Lawsuit, Mr. Cuevas removed the State Lawsuit to the Northern District of Texas, because the State Lawsuit against Mr. Cuevas sought the wind down and dissolution of the Company, which Cuevas argued requires properly accounting for all of the Company assets before a proposed dissolution could occur, and as a preliminary matter, there was disagreement between the Company partners (i.e., Novoa, Zamarripa, and Cuevas) regarding whether the copyright ownership of certain sound recordings featuring the performances of the band (La Energia Nortena) were the property of the

---

[13] *See* Doc 17-4 (Exhibit D of Pl.'s First Am. Complaint. The State Lawsuit Petition - *La Energia Nortena, LLC, Zamarripa, and Humberto Novoa v. Moises Cuevas*, Cause No. 2021-22525, *Pl.s' Or. Pet.* (Harris County, 61st Dist. Ct., April 15, 2021).
[14] *Id.*

Company or Azteca Records, LLC. Hence, removal was sought to answer the federal copyright question of who is owner of the sound recordings in question.[15]

On September 3, 2021, the Northern District of Texas found that Cuevas' removal of the State Lawsuit to the Northern District procedurally improper under 28 USC 1441 and that the State Lawsuit should have first been removed to the Southern District of Texas; accordingly, the Northern District of Texas *sua sponte* transferred the State Lawsuit to the Southern District of Texas before Judge Keith Ellison.[16]

After the case was transferred to the Southern District of Texas, Cuevas filed a motion to transfer venue back to the Northern District, arguing that all parties lived and resided in Dallas County, Texas inside the jurisdiction of the Northern District of Texas.[17] Additionally Defendants La Energia Nortena, LLC, Humberto Novoa, and Adrian Zamarripa filed a joint motion to remand arguing that the State Lawsuit did not identify any federal law claim and therefore Cuevas could not rely on his counterclaims based on federal law to justify the removal.[18]

Both motions were heard on December 21, 2021. All counsel of record in the present federal lawsuit before this Court, where in attendance and present before Judge Ellison and the Southern District of Texas during the December 21, 2021 hearing.

During oral argument on the motion to remand and with regards to the federal question as to copyright ownership that Cuevas had attempted to raise in the notice of removal, Attorney David Calvillo (who was also at the time representing the Company – La Energia Nortena, LLC) stated on record:

---

[15] *See* ECF Doc 17-5 (Exhibit E of Pl.'s First Am. Petition; Cuevas' Notice of Removal of the State Lawsuit).
[16] *See* ECF Doc 17-6 (Exhibit F of Pl.'s First Am. Petition; Order from the N.D. of Tex. Transferring removed case to S.D. of Tex.).
[17] *See* ECF Doc 17-7 (Exhibit G of Pl.'s First Am. Petition; Cuevas' Mot. to Transfer).
[18] *See* ECF Doc 17-8 (Exhibit H of Pl.'s First Am. Petition; La Energia Nortena, LLC, Humberto Novoa, and Adrian Zamparripa's Joint Motion to Remand)

> **With respect to the ownership of the copyrights in question, I believe on a prima facie basis counsel has filed in the court's record as record number…Document No. 7, that establishes prima facie that the owner is La Energia Notena** and not Mr. Cuevas individually. The plaintiff [in the State Lawsuit] is La Energia Nortena.
>
> **So far as we stand here today, there is no question as to ownership. It is established,** at least an admission by the defendant, **that La Energia Nortena,** of which Mr. Cuevas is admittedly a member, that **is the owner of the copyright in question.**[19]

Upon hearing such admission from Attorney Calvillo, counsel for Cuevas immediately asked the Court for clarification on the admission that was just made on the record. But the Court did not think that such admission mattered.[20]

Counsel for Cuevas then explained that if the Southern District remanded the State Lawsuit back to 61st District State Court, the parties would be left to wind down and dissolve the Company in State Court while Cuevas would have to bring a separate lawsuit in Federal Court to address his questions and claims based on federal copyright law regarding the sound recordings in dispute.[21]

**Judge Ellison responded to Counsel for Cuevas, recommending that Cuevas file his own federal lawsuit to address the issues and claims related to copyright, stating: *"That's what I think you ought to do. I really do."*[22]**

**Judge Ellison went on to explain:**

> Well, I think actually what you [i.e. Counsel for Cuevas] described as two cases makes perfect sense. The corporate formalities and the wind-down are quintessentially state court, state law questions.

---

[19] *See* ECF Doc 17-9 (Exhibit I of Pl.'s First Am. Petition; Transcript of Hearing from December 21, 2021at pg. 11, lines 5-16).

[20] *See* ECF Doc 17-9 (Exhibit I of Pl.'s First Am. Petition; Transcript of Hearing from December 21, 2021at at pg. 12, lines 1-8.).

[21] *See* ECF Doc 17-9 (Exhibit I of Pl.'s First Am. Petition; Transcript of Hearing from December 21, 2021at pg. 12, lines 9-11.).

[22] *See* ECF Doc 17-9 (Exhibit I of Pl.'s First Am. Petition; Transcript of Hearing from December 21, 2021at pg. 12, lines 12-13.).

> **Copyright is a different kettle of fish. It's definitely federal, and I think the case on ownership of the copyright can be decided without reference to whether corporate formalities were complied with.[23]**

Counsel Calvillo (representing the Company and Zamarripa at the time), immediately replied in concurrence to Judge Ellison's explanation, saying: **"Agreed, Your Honor."[24]**

Thereafter, the Southern District of Texas granted the motion to remand the State Lawsuit back to 61st District Court and denied the motion to transfer as moot.[25]

Accordingly, acting on the recommendation of Judge Ellison and the Southern District of Texas, Plaintiff Cuevas subsequently filed this original lawsuit before the Northern District of Texas asking first the federal question of who owns the copyright to the sound recordings in dispute, and further bringing additional causes of action against the Defendants in the lawsuit before this Court based on copyright infringements and various breaches of fiduciary duty.

## V.

## ARGUMENT AND AUTHORITIES

### A. The Real Parties in Interest DO NOT AGREE on who owns the copyrights in question. There is a live case and controversy between the parties – including Plaintiff Cuevas.

Plaintiff Cuevas in his Complaint alleges that La Energia Nortena, LLC is owner of the copyrights in dispute, *or alternatively*, should the Court find that La Energia Nortena, LLC is not

---

[23] *See* ECF Doc 17-9 (Exhibit I of Pl.'s First Am. Petition; Transcript of Hearing from December 21, 2021at pg. 12, ln 12 to pg. 13, ln. 2).
[24] *See* ECF Doc 17-9 (Exhibit I of Pl.'s First Am. Petition; Transcript of Hearing from December 21, 2021at pg. 13, ln. 3).
[25] *See* ECF Doc 17-9 (Exhibit I of Pl.'s First Am. Petition; Transcript of Hearing from December 21, 2021at pg. 14, ln. 2-7).

the owner, Cuevas alleges that he (i.e. Moises Cuevas, Jr.) is a joint owner of the sound recordings in dispute.[26]

Plaintiff Cuevas further alleges in his Complaint that a live dispute exists because Defendant Humberto Novoa and Azteca Records, LLC (a company wholly owned by Humberto Novoa) have erroneously and maliciously claimed that Azteca Records, LLC is the owner of sound recordings in dispute.[27]

Defendants (Novoa, Zamarripa, Azteca Records, LLC, and Azteca Talent Agency, Inc.) in their 12(b)(1) motion to dismiss argue that there is no dispute as to the ownership of the copyright rights in question, because Defendants merely allege that "between La Energia Nortena, LLC and Azteca Records, LLC, no question exists: the copyrights belong to Azteca Records, LLC."[28] But Defendants in making such false and unsupported allegation are not being forthcoming with the Court about the relevant facts of the case or the procedural history of the disputes.

### A.1. Disputed Ownership by La Energia Nortena, LLC

The Company (i.e. La Energia Nortena, LLC) has claimed ownership of the sound recording copyright registrations in dispute by filing copyright registrations with the U.S. Copyright Office. Such registrations were included and made part of Cuevas' Complaint.[29] The

---

[26] *See* ECF Doc 17 at ¶ 58 (Pl.'s 1st Am. Complaint) & ECF Doc 1 ¶ 42 (Pl.'s Original Complaint) (In both complaints, Cuevas alleges facts to detail why the Company is owner of the sound recordings in dispute); *see also* ECF Doc 17 *at ¶ 61* (Pl.'s 1st Am. Complaint) *&* ECF Doc 1 ¶ 45 (Pl.'s Original Complaint) (Cuevas alternatively argues in both complaints that the if the Court determines that the Company is not the owner of the copyrights in question, then Moises Cuevas alleges facts and asks the Court to find that he is a joint copyright owner of the copyrights in question based on his contributions to the creation of the Masters and Albums.).
[27] *See* ECF Doc 17 at ¶ 59 (Pl.'s 1st Am. Complaint) & ECF Doc 1 ¶ 43 (Pl.'s Original Complaint).
[28] *See* ECF Doc 9 at 12.
[29] *See* ECF Doc 17-3 (Exhibit C of Pl.'s 1st Am. Complaint, Copyright Registrations of Sound Recordings in dispute) & ECF Doc 1-3 (Exhibit A of Pl.'s Original Complaint, Copyright Registration of Sound Recordings in dispute).

copyright registrations clearly list the Company (i.e., La Energia Nortena, LLC) as the registered owner of the sound recordings in dispute.[30]

Section 410(c) of the Copyright Act states, "In any judicial proceeding the certificate of a registration made before or within five years after the publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate."[31] Thus, the registrations are prima facie evidence that the Company owns the copyright rights in the sound recordings works in dispute.

Additionally, on December 21, 2021, at the hearing on Defendants' Motion to Remand the State Lawsuit back to Federal Court, Counsel Cavillo (representing La Energia Nortena, LLC at the time) stated on the record to the Southern District of Texas that as far as the Company (La Energia Nortena, LLC) was concerned, La Energia Nortena, LLC owes the copyright rights in dispute.

**Specifically, Defendants' Counsel David Cavillo stated on the record:**

> **So far as we stand here today, there is no question as to ownership. It is established,** at least an admission by the defendant, **that La Energia Nortena,** of which Mr. Cuevas is admittedly a member, that **is the owner of the copyright in question.**[32]

Therefore, Defendants are not being honest with the Court by asserting that there is no dispute between La Energia Nortena, LLC and Azteca Records, LLC.

Clearly, as evidenced by the copyright registrations made part of Cuevas' Complaint and on further admission of the Company on December 21, 2021, there is a dispute between La Energia

---

[30] *Id.*
[31] 17 U.S.C. § 410(c).
[32] ECF Doc 17-9 (Exhibit I of Pl.'s First Am. Petition; Transcript of Hearing from December 21, 2021 at pg. 11, lines 5-16).

Nortena, LLC and Azteca Records, LLC as to who owns the copyright rights to the sound recordings in question.

### A.2. Disputed Ownership by Moises Cuevas, Jr. as an individual

Within Plaintiff's Complaint, Cuevas alternatively argues that should the Court determine that copyright rights to the sound recordings do not belong to the Company, then Cuevas seeks judicial declaration to find that Cuevas (individually) is a joint copyright holder of the sound recordings in dispute.[33]

**Under Section 201 of the Copyright Act, "Copyright in a work…vests initially in the author or authors of the work. The authors of a joint work are coowners of copyright in the work."[34]**

**It is undisputed by the Parties (especially by the Defendants Novoa, Zamarripa, Azteca Records, LLC, and Azteca Talent Agency, Inc.) that Plaintiff Moises Cuevas, Jr. contributed to the creation of the sound recording works in dispute.** The Affidavit of A&R Director for Azteca Records, LLC, Carlos Alvarez, (ECF Doc 9-1), offered in support of Defendant's erroneous motion to dismiss, admits that Plaintiff Cuevas contributed to the sound recording copyright works in dispute. Mr. Alverez states, "Cuevas only contributed to the following albums in the following ways:

  i. On *"Pensando en Ti,"* Cuevas recorded the electric bass guitar track on each song in the album. He also sang second harmony vocals on each song in the album. He sang lead vocal on the *Amarga Despedida* track and shared lead vocals on the *Cuando Me Enamoro* track.

  ii.    On *"Sin Restricciones,"* Cuevas recorded the electric bass guitar track on each song in the album. He also sang second harmony vocals on each

---

[33] ECF Doc 17 *at* ¶ 61 (Pl.'s 1st Am. Complaint) *&*  ECF Doc 1 ¶ 45 (Pl.'s Original Complaint) (Cuevas alternatively argues in both complaints that the if the Court determines that the Company is not the owner of the copyrights in question, then Moises Cuevas alleges facts and asks the Court to find that he is a joint copyright owner of the copyrights in question based on his contributions to the creation of the Masters and Albums.).
[34] 17 U.S.C. §201(a).

song in the album. He sang lead vocals on the *Me Uora El Cielo* track and shared lead vocals on the *El Verdadero Amor Persdona"* track.

iii.      On *"Cruzando Territorio,"* Cuevas recorded the electric bass guitar track on each song in the album. He also sang second harmony vocals on each song in the album. He sang lead vocals on the *Y le Dije Adias* track.

iv.      On *"El Rompecabezas,"* Cuevas recorded the electric bass guitar track on each song in the album. He also sang second harmony vocals on each song in the album.  He sang lead vocals on the *No Me Due/es* track and shared lead vocals on the *Cantigo Aquesto Y Pierdo* track.

v.On *"No Hay Quinto Malo,"* Cuevas recorded the electric bass guitar track on each song in the album. He also sang second harmony vocals on each song in the album. He sang lead vocals on the *Hasta La Eternidad* track and shared lead vocals on the *Fuiste Mala* track.

vi.      On *"El Suena Americana,"* Cuevas recorded  the electric bass guitar track on each song in the album. He also sang second harmony  vocals on each song in the album. He sang lead vocals on the *Con Que Derecho* track and shared lead vocals on the *Cuando* Vas *A Decirle* track.

vii.      On *"El Crossover,"* Cuevas recorded the electric bass guitar track on each song in the album. He also sang second harmony vocals  on each song in the album. He sang lead vocals on the *Have You Ever Seen The Rain, Won't* Go *Home Without You,* and *Stop* & *Stare* tracks.

viii.      On *"Paco A Paco,"* Cuevas recorded the electric bass guitar track on each song in the album. He also sang second harmony vocals on each song in the album. He sang lead vocals on the *Vivir Sin Ti, Estoy Enamorado,* and *El Viernes Que Entra* tracks and shared lead vocals on the *Ya No Vivo Par Vivirtrack.* Cuevas wrote *"[V]ivir Sin Ti["].*

ix.      On *"Saquen las Che/as,"* Cuevas recorded the electric bass guitar track on each song in the album. He also sang second harmony vocals on each song in the album. He sang lead vocals onthe *El Senor de Las Canas, Pa' Que Son Pasiones,* and *Tuve Una Novia* tracks and shared lead vocals on the *Amigo Mio* track.

x.      On *"Diez,"* Cuevas recorded the electric bass guitar track on each song in the album. He also sang second harmony vocals on each song in the album.

He sang lead vocals on the *Ya No Me Necesita* and *Final Feliz* tracks, and shared lead vocals on the *El Dinero No Lo Compra* track.[35]

**The Defendants admission of Plaintiff Cuevas above contributions to the creation of the sound recordings clearly calls into question the authorship and ownership that Cuevas, as an individual, arguably possesses to the sound recording copyright works in dispute.** Yet, Defendants completely dismiss and blatantly ignore Cuevas alternative argument within the Complaint for joint ownership and authorship of the sound recording in dispute, raised in an individual capacity.[36]

Furthermore, the affidavits of Carlos Alverez and Humberto Novoa (ECF Docs 9-1 and 9-2) offered by Defendants in support of their motion to dismiss do nothing to establish any undisputed claim of copyright in the sound recordings. **Pursuant to section 204(a) of the Copyright Act, a grant or transfer of a copyright right can only occur by a written instrument signed by the owner of the rights conveyed or such owner's duly authorized agent.**[37] Defendants have offered no written instruments to prove or show how any copyright right were allegedly transferred or are owned by Azteca Records, LLC – let alone any written instrument to show Cuevas ever signed any documents transferring ownership of the copyright to Azteca Records, LLC. **Defendants just merely proclaim an alleged undisputed ownership by Azteca Records, LLC. But that does not resolve the dispute of whether the Company (La Energia Nortena, LLC) is the owner of the sound recordings, or alternatively, the dispute of whether**

---

[35] ECF Doc 9-1 (Affidavit of Carlos Alvarez).

[36] *See* ECF Docs 8 and 9 (Defendants make no mention of the fact that Cuevas has alternatively argued that he is joint owner of the works should the Court find that the La Energia Nortena, LLC is not the owner.).

[37] 17 U.S.C. § 204(a) ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.")

**Cuevas as an individual could be found by this Court to be joint author and owner of the sound recordings in dispute.**

Accordingly, Defendants cannot prove an alleged, undisputed claim of copyright ownership by an affidavit – especially the affidavit of a party's own representative. **Thus, at best, all Defendants have done in presenting their futile motion is verify that there is a live case and controversy (between the parties – including Cuevas) as to who the owner of the copyright is.**

**B. The Federal District Court has exclusive jurisdiction over Plaintiff's lawsuit.**

Federal courts have exclusive jurisdiction over any "civil action arising under any Act of Congress relating to . . . copyrights."[38]

"To determine whether an action so arises, the Fifth Circuit uses Judge Friendly's test from *T.B. Harms Co. v. Eliscu*:

> [A]n action "arises under" the Copyright Act if and only if [:]
>
> > [(1)] the complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement or for the statutory royalties for record reproduction, . . . or
> >
> > [(2)] asserts a claim requiring constructing of the Act, . . . or,
> >
> > [(3)] at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim."[39]

---

[38] 28 U.S.C. § 1338(a).
[39] *See T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964); *see Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987, *adopting T.B. Harms* test). *see also*, *Rodrigue v. Magnus*, No. 20-1240, 2021 U.S. Dist. LEXIS 76552, at *7-8 (E.D. La. 2021).

The federal question of who owns a copyright right to a particular work is a complex question requiring detailed factual analysis. It requires a Federal Court to consider among other things – who created the work, whether the work was commissioned for a particular person or entity, and whether the ownership rights in the work were ever transferred from one party to another.

In *Goodman v. Lee*, before the 5th Circuit, Goodman's complaint alleged that "she is an actual joint co-author of "Let the Good Times Roll.' She [Goodman] also claims that she is entitled to receive one-half of all proceeds from the use and exploitation of the song, which could involve state law issues within our pendent jurisdiction. In any event, [the 5th Circuit held that] the case clearly involved the application and interpretation of the copyright ownership provision of 17 U.S.C. § 201(a). Therefore, federal jurisdiction over this case was proper, and the district court erred in dismissing Goodman's cause of action."[40]

The 5th Circuit in *Goodman* explained its ruling further stating:

> We reach this conclusion based upon the clear wording of the statute. This view is also confirmed in litigation and by scholarly inquiry. An acknowledged leading case in this area is *Lieberman v. Estate of Chayefsky*, 535 F. Supp. 90 (S.D.N.Y. 1982). *Lieberman* involved a dispute over the ownership of the copyright to the novel and screenplay, "Altered States." As in the case now before us, the plaintiff claimed that he was a co-author of the copyrighted material and that it was a joint work under the definition contained in 17 U.S.C. § 101. The defendant moved to dismiss for lack of subject matter jurisdiction, but the court denied the motion. It determined that federal jurisdiction existed because "the claimed right upon which plaintiff bases his claim arises directly from the statute" and "resolution of the central issue in this case depends upon the application of [the] statutory definition [of 17 U.S.C. § 101]." *Id.* at 91.[41]

---

[40] *Goodman*, 815 F.2d at 1031.
[41] *Goodman*, 815 F.2d at 1032.

In keeping with *Goodman* and *Lieberman*, Plaintiff's Cuevas Complaint before this Court clearly raises a disputed claim of ownership regarding the ownership of certain copyright works.

Plaintiff Cuevas alleges in his Complaint that either his company La Energia Nortena, LLC is the owner, *or alternatively,* just like the plaintiffs in *Goodman* and *Lieberman* in the above cited cases, that Cuevas is a joint author and owner of the copyright works in dispute.[42]

Defendants (Novoa, Zamarripa, Azteca Records, LLC, and Azteca Talent Agency, Inc.) have undisputedly argued in their 12(b)(1) motion to dismiss that the sound recording copyright rights are owned by Azteca Records, LLC.

Furthermore, Plaintiff Cuevas' Complaint goes on to further allege facts based on Plaintiff's related claims of copyright infringement and breaches of fiduciary duty by the Defendants, which also satisfy Judge Friendly's test from *T.B. Harms Co. v. Eliscu*.[43]

Accordingly, Cuevas' Complaint does assert a real live case and controversy that falls exclusively under federal jurisdiction and the original jurisdiction of this Court, and, in keeping with the rulings of the Fifth Circuit and the laws of the United States, this District Court is the only Court that can rule on this matter.

### C. Plaintiff Cuevas DOES HAVE standing.

Plaintiff Cuevas does have standing to bring a derivative lawsuit on behalf of the Company (La Energia Nortena, LLC) to enforce the rights of the Company and alternatively to enforce Cuevas' individual rights.

---

[42] *See* ECF Doc 17 at ¶ 58 (Pl.'s 1st Am. Complaint) & ECF Doc 1 ¶ 42 (Pl.'s Original Complaint) (In both complaints, Cuevas alleges facts to detail why the Company is owner of the sound recordings in dispute); *see also* ECF Doc 17 at ¶ 61 *&* ECF Doc 1 ¶ 45 (Pl.'s Original Complaint) (Cuevas alternatively argues in both complaints that the if the Court determines that the Company is not the owner of the copyrights in question, then Moises Cuevas alleges facts and asks the Court to find that he is a joint copyright owner of the copyrights in question based on his contributions to the creation of the Masters and Albums.).

[43] *See* ECF Doc 17 at ¶¶ 63-86 (Pl.'s 1st Am. Complaint) & ECF Doc 1 at ¶¶ 47-70 (Pl.'s Original Complaint).

Rule 23.1 of the Federal Rules of Civil Procedure allows a company member, partner, or owner to bring a derivative action to enforce a right that a company or partnership may properly assert but has failed to enforce.[44]

Plaintiff Cuevas is a member, partner, and owner of the La Energia Nortena, LLC and can therefore bring such derivative action to enforce the rights of the Company.

To clarify that suit against the Defendants is bought in part on behalf of the Company, Plaintiff Cuevas has amended his Original Complaint to more specifically pled such derivative action taken on behalf of the Company in keeping with the pleading requirements of Rule 23.1 of the Federal Rules of Civil Procedure.[45] Plaintiff's First Amended Complaint has also appropriately added Company as a party defendant to the lawsuit for the purposes of the derivative lawsuit.

Accordingly, to the extent the Defendants argue that Plaintiff Cuevas does not have standing to bring claims on behalf of the Company in an individual capacity, such argument is moot.

Additionally, separate and apart from the Cuevas claims and cause of action on behalf of the Company, Cuevas does have standing to raise his alternative claims that he is a joint owner of the copyright works in dispute. For the sake of brevity, Plaintiff refers the Court back to the case

---

[44] Fed. R. Civ. Pro. 23.1(a) ("This rule applies when one or more shareholders or members of a corporation or an unincorporated association bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce."). *Lewis v. Knutson*, 699 F.2d 230, 35 Fed. R. Serv. 2d (Callaghan) 1444, 1983 U.S. App. LEXIS 30102 (5th Cir. 1983) (Shareholder has no standing to bring civil action at law against faithless directors and managers where officer, director, or controlling shareholder breached fiduciary duty to corporation since corporation and not shareholders suffers injury; however, equity permits shareholder to step in corporation's shoes and to seek, in corporation's right, restitution shareholder could not demand on his own.). *Brooks v. Weiser*, 57 F.R.D. 491, 494 (S.D.N.Y. 1972) ("[The]…right to sue derivatively is an attribute of ownership, justified on the theory that the plaintiff in such a suit seeks to recover what belongs to the corporation, because as a co-owner, it also belongs to him.). *Moore v. Simon Enters.*, 919 F. Supp. 1007, 1012 (N.D. Tex. 1995) ("Regardless of the presence of all the partners before the Court, the law in the Fifth Circuit is clear: in a derivative suit, "the partnership is, at a minimum, the real party in interest in a derivative lawsuit." *Bankston v. Burch*, 27 F.3d 164, 167 (5th Cir. 1994). Other circuits are in accord. *See Buckley v. Control Data Corp.*, 923 F.2d 96, 98 (8th Cir. 1991) ("it is well-established that an entity on whose behalf a derivative claim is asserted is a necessary defendant in the derivative action.")).
[45] *See* ECF Doc 17 at ¶ 1 & Verification of Complaint (Pl.'s First Am. Complaint).

law of *Goodman* and *Lieberman* and arguments raised by Plaintiff in prior section upholding a plaintiff's individual right to bring a lawsuit in a federal court to decide whether a plaintiff is a joint author and owner of copyrightable work.

For all of the above reasons, Cuevas does have standing to assert the claims and causes of action in his Complaint either on behalf of the Company or on behalf of himself as an individual.

**D. Cuevas' Claims brought on behalf of the Company and/or as an individual ARE RIPE.**

The Fifth Circuit holds:

> The ripeness doctrine counsels against "premature" adjudication by distinguishing matters that are "hypothetical" or "speculative" from those that are poised for judicial review. Even actions for declaratory relief, which by design permit pre-enforcement review, require the presence of an actual "case" or "controversy**." A pre-enforcement action "is generally ripe if any remaining questions are purely legal . . . [and] further factual development" is not required for effective judicial review.**
>
> *LeClerc v. Webb*, 419 F.3d 405, 413-14 (5th Cir. 2005) (internal citations omitted).

Cuevas claims brought on behalf of the Company and as an individual to have this Court to declare whether the Company owns the Masters and Albums or whether Cuevas is an individual joint owner is ripe, because the copyright works in question have been created, and now there is a question and active dispute between the parties as to who the is the owner of such copyrights. And as stated previously, only a federal district court can answer this question or rule on and enforce such copyright rights alleged in Plaintiff's Complaint.

**VI.**

**CONCLUSION AND PRAYER**

In summary, Plaintiff's Cuevas Complaint does present a live a case and controversy. Clearly, the federal copyright registration of the sound recordings in dispute show prima facie evidence that La Energia Nortena, LLC is the owner of the copyrights in question. Furthermore, Defense Counsel David Cavillo (who also holds himself to represent La Energia Nortena, LLC) clearly represented to the Southern District of Texas on December 21, 2021 that there was no question that La Energia Nortena, LLC owns the copyrights in question. Counsel Cavillo even agreed with Southern District of Texas that the question of copyright had to be brought in a separate lawsuit before a federal district court and could not be answered on removal of the State Lawsuit as Plaintiff had previously done.

Pursuant to 28 U.S.C. § 1338(a), only a Federal District Court is empowered to answer this question, and only a federal district court "…shall have original jurisdiction of any civil action arising under any Act of Congress relating to…copyrights." Accordingly, Plaintiff Cuevas acting on recommendation of the Southern District of Texas and in accordance with federal law has brought this lawsuit before this federal district court to decide who is copyright owner with additional claims and causes of action against Defendants asking the Court to declare whether the Company or Cuevas as an individual is the copyright owner of the sound recording in dispute.

But now, in an attempt to show that there is no conflict regarding ownership, Defense Counsel Cavillo erroneously argues that there is no conflict regarding ownership because he merely declares in his present motion that La Energia Nortena, LLC and Azteca Records, LLC agree that Azteca Records, LLC is the owner. But Counsel Cavillo is not being forthcoming with the Court and is now conflicted in his representation and should withdraw from any further

representation of any of the parties, because Counsel Cavillo has gone from originally holding himself out to only representing the Company's interest in the disputes between the parties to now holding himself out to actively representing all of the defendant parties, including the individual interests of the other company members (Novoa and Zamarripa) along with the defendant entities (Azteca Records, LLC and Azteca Talent Agency, Inc.) that are wholly owned and controlled by Humberto Novoa. Clearly, Counsel Cavillo is playing sides in his biased representation of the defendant parties and in favor of one Company member (namely Humberto Novoa). Counsel Cavillo blatantly misrepresents the relevant facts and procedural history of the parties' disputes to erroneously claim before this Court that there is now no live case and controversy – but such position is clearly taken so that Defendant Humberto Novoa can forever claim ownership of the Masters and Albums by and through Azteca Records, LLC.

Cuevas does have standing to bring this lawsuit as a derivative lawsuit on behalf of the Company to decide the matter, because he is and has always been a member of the Company, and Cuevas has clearly pled the necessary prerequisites for a derivative lawsuit in his verified First Amended Complaint pursuant to Rule 23.1 of the Federal Rules of Civil Procedure. Additionally, Cuevas also has standing, based on the cited case law of *Goodman* and *Lieberman,* to bring this lawsuit as an individual, because should the Court not hold that the Company is the not owner of the sound recordings in question, then there is a question of whether Cuevas based on his undisputed contributions to the creation of the copyright works is joint author and owner of the copyright works in question. If it is shown that Cuevas is a joint author, then Cuevas also has individual claims for copyright infringement against Defendants based on Defendants alleged actions of entering into exclusive licensing agreements and for further failing to account and pay

Cuevas royalties for any non-exclusive exploitations of the copyrights as alleged in Cuevas' Complaint.

Finally, the question of copyright ownership is ripe because there is live controversy and active dispute between the parties as to who owns the sound recording copyright rights in question.

Accordingly, for all of the reasons stated herein, Plaintiff Moises Cuevas, Jr. prays that the Court **DENIES** Defendants 12(b)(1) motion to dismiss for failure to satisfy case or controversy requirements.

Respectfully submitted,

David Chase LanCarte
Texas Bar No. 24082464
LanCarte Law, PLLC
2817 West End Ave., Suite 126-276
Nashville, Tennessee 37203
Tel: 214-935-2430
Fax: 214-934-2450
chase@lancartelaw.com

/s/ Marcus C. Marsden, Jr.
MARCUS C. MARSDEN, JR.
State Bar No. 13014200
marcus@colanerifirm.com
THE COLANERI FIRM, P.C.
524 E. Lamar Blvd., Suite 280
Arlington, Texas 76011
Tel: 817-640-1588
Fax: 817-640-1680

**ATTORNEYS FOR PLAINTIFF
MOISES CUEVAS, JR.**

## CERTIFICATE OF SERVICE

I do hereby certify that I have forwarded a true and correct copy of the above and foregoing pleading in this cause to all counsel of record on this 13th day of February, 2022 by electronic filing or U.S. mail.

David N. Calvillo
TX State Bar No. 03673000
1200 Smith Street, Suite 1400
Houston, TX 77002

Angel V. Mata
TX State Bar No. 24063940
512 S. Fitzhugh Avenue
Dallas, TX 75223

_____
David Chase LanCarte