IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MOISES CUEVAS, JR., § | |
|     PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:21-CV-3243-C-BK |
| § | |
| HUMBERTO NOVOA, ADRIAN § | |
| ZAMARRIPA, AZTECA RECORDS LLC, § | |
| AZTECA TALENT AGENCY INC., § | |
| LA ENERGIA NORTENA LLC, UMG § | |
| RECORDINGS INC., AND AZTECA § | |
| PUBLISHING INC., § | |
|     DEFENDANTS. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the Court considers for the entry of findings and a recommended disposition Plaintiff's *Motion for Entry of Default Against Nominal Defendant La Energia Nortena, LLC*, Doc. 97, Defendant's *Motion to Dismiss for Insufficient Service and Request for Protection*, Doc. 100, and *La Energia Nortena, LLC's Motion to Strike Clerks Entry of Default*, Doc. 104. For the following reasons, Plaintiff's motion should be **DENIED** and Defendant's motions should be **GRANTED**.

### I. PROCEDURAL HISTORY

In November 2022, Plaintiff filed his operative *Third Amended Complaint* against (1) Adrian Zamarripa ("Zamarripa"), his former bandmate in the music group La Energia Nortena ("LEN"); (2) LEN's "talent agent," Humberto Novoa; (3) Novoa's two entertainment-focused

business entities, Azteca Records, LLC, and Azteca Talent Agency, Inc; (4) Azteca Publishing, Inc. and its alleged licensee UMG Recordings, Inc.; and (5) LEN, LLC (the "Company"). Doc. 129.

As of the date of service of process, Plaintiff, Novoa, and Zamarripa were the Company's members. Doc. 63-2. The return of service reflects that a process server (1) personally delivered the summons and a copy of the complaint on Plaintiff; (2) mailed the same documents to the Company in "care of" Plaintiff; and (3) mailed the same documents to the Company at a business address. Doc. 68. When the Company failed to answer or otherwise appear, Plaintiff filed this motion seeking entry of a default and default judgment. Doc. 97. The Clerk entered a default the same day, Doc. 99, and the Company immediately filed its motion to dismiss Plaintiff's complaint for insufficient service of process, Doc. 100. Because proper service of process is a requisite for entry of a default and default judgment, the Court addresses that issue first.

## II. APPLICABLE LAW

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam). When "a plaintiff fails to serve the defendant properly within [90] days of filing the complaint, upon motion of the defendant or *sua sponte* by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service." *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (per curiam); FED. R. CIV. P. 4(m). In Texas, service of process on a limited liability company may be made on each member. TEX. BUS. ORG. CODE § 5.255(3).

## III. ANALYSIS

The Company contends that Plaintiff's ruse in serving the summons and complaint on himself, purporting to act on behalf of the Company, is "fraudulent." Doc. 101 at 2. Plaintiff counters that he was an agent authorized by Texas law to receive service on behalf of the Company. Doc. 110 at 17-20 (citing TEX. BUS. ORG. CODE § 5.255(3)).

The case law on this issue is sparse, but the courts that have addressed it have been clear that this manner of service is impermissible. *Bondanelli v. Ocean Park SRL*, No. CV 12-07724-GAF (SSx), 2012 WL 12893008, at *3 (C.D. Cal. Oct. 19, 2012) (collecting cases); *City of Grand Forks v. Mik-Lan Recreation Ass'n, Inc.*, 421 N.W.2d 806, 810 (N.D. 1988) ("It is well settled that service on an officer or agent of a corporation, who has an interest in the action or the claim antagonistic to the interest of the corporation, is invalid, although the officer or agent is otherwise a statutorily authorized person to receive service on behalf of the corporation."); *Don Pepe, Inc. v. JMAPCO, Inc.*, 276 S.E.2d 886, 886-87 (Ga. App. 1981) (holding that the plaintiff's acceptance of service on behalf of the defendant "was tantamount to his serving the process upon himself," and service was thus void); *Loy v. Hurst*, 182 N.E.2d 423, 425 (Ind. 1962) (holding that "an officer or agent of a corporation cannot [sic] commence an action against said corporation by serving himself with process.") (citations omitted); *Hartsock v. Commodity Credit Corp.*, 10 F.R.D. 181, 184 (S.D. Iowa 1950) (holding that an agent could not commence an action against his corporate principal by having himself served with process because "[t]o hold otherwise would manifestly open a door to fraud."). Although not binding, the Court finds this line of cases instructive. Thus, the Court follows this rationale.

Accordingly, because Plaintiff did not properly effectuate service of process, the Company is entitled to dismissal of this action against it without prejudice pursuant to Rule 12(b)(5). As a result, Plaintiff's *Motion for Entry of Default Against Nominal Defendant La Energia Nortena, LLC*, Doc. 97, should be **DENIED**, and *La Energia Nortena, LLC's Motion to Strike Clerk's Entry of Default*, Doc. 104, should be **GRANTED**. *See Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 n.6 (5th Cir. 2008) (finding that a defendant cannot be in default if he had no duty to answer the suit, and he need not do so until service has been perfected.).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Entry of Default Against Nominal Defendant La Energia Nortena, LLC*, Doc. 97, should be **DENIED**, the Company's *Motion to Dismiss for Insufficient Service and Request for Protection*, Doc. 100, and *Motion to Strike Clerk's Entry of Default*, Doc. 104, should be **GRANTED**, and this case should be **DISMISSED WITHOUT PREJUDICE** as to the Company.

**SO RECOMMENDED** on February 14, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).